STATE OF MISSOURI at the Relation of MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, Relator, v. HOPKINS B. SHAIN, FRANCIS H. TRIMBLE and EWING C. BLAND, Judges of the Kansas City Court of Appeals, and FINIS E. MILLER.—89 S. W. (2d) 661.

Division One, January 11, 1936.

*Winger, Reeder, Barker & Hazard* and *James T. Blair, Jr.,* for petitioner.

*Ross Feaster, S. L. Trusty, E. E. Pugh, Jr.,* and *John F. Cook* for respondents.

COLLET, J.—Certiorari to the Kansas City Court of Appeals. Finis E. Miller obtained a judgment in the Circuit Court of Henry County against the Mutual Benefit Health & Accident Association

upon a policy of insurance covering loss by reason of accident or sickness under certain conditions specified in the insurance policy. On appeal to the Kansas City Court of Appeals that court affirmed the judgment. [Miller v. Mutual Benefit Health & Accident Assn., 56 S. W. (2d) 795.] That opinion of the Court of Appeals was quashed by this court (Division Two) in State ex rel. v. Trimble, 334 Mo. 920, 68 S. W. (2d) 685. Upon reconsideration the Court of Appeals again affirmed the judgment (Miller v. Mutual Benefit Health & Accident Assn., 80 S. W. (2d) 201). In those opinions the policy of insurance involved was discussed and other pertinent facts related. We will not repeat that discussion or again relate those facts. It is sufficient for the determination of the case before us to note that in its opinion now before us the Court of Appeals construed our former opinion to mean that there was no repugnancy between paragraphs H and I of the policy on the one hand and paragraph (a) of "Additional Provisions" on the other and that we did not construe paragraph (a) of the "Additional Provisions," leaving the latter burden to the Court of Appeals on reconsideration of the case and the policy of insurance as a whole. Our former opinion may be subject to that construction although it now occurs to us that it would be necessary to treat what we said concerning the proper meaning to be given paragraph (a) as *obiter dictum* in order to justify the conclusion reached by the Court of Appeals. But be that as it may, we are of the opinion that the meaning we assigned to paragraph (a) in determining there was no repugnancy between that paragraph and paragraphs H and I, is its proper meaning and provides in express terms that the insured must have actually been visited by a physician before he is entitled to any benefits.

It is suggested in effect that since this court has never construed a contractual provision identical with the one involved in this case the opinion of the Court of Appeals construing paragraph (a) cannot be in conflict with any previous decision of this court and therefore should stand. The difficulty with such a position lies in the fact that it was necessary for us to construe paragraph (a) when the case was formerly before us in order to determine the presence or lack of repugnancy between that provision and other provisions of the policy, and, that having been done, it was the duty of the Court of Appeals to follow our conclusion in their later consideration of the same subject.

It follows that the record and opinion of the Kansas City Court of Appeals must be quashed. It is so ordered. All concur.